401 So.2d 410 (1981)
Richard STREB
v.
ABRAMSON-CARO CLINIC, a Professional Medical Corporation.
No. 14103.
Court of Appeal of Louisiana, First Circuit.
April 13, 1981.
*411 Gordon A. Pugh, Gregory A. Pletsch, Breazeale, Sachse & Wilson, Baton Rouge, for plaintiff-appellant.
Thomas E. Balhoff, Baton Rouge, for defendants-appellees, Dr. Steven N. Abramson and Dr. Richard Caro.
I. Jay Krieger, Krieger & Krieger, New Orleans, Jess J. Waguespack, Talbot, Sotile, Carmouche, Marchand & Marcello, Donaldsonville, for defendant-appellee, Abramson-Caro, a Professional Medical Corp.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
Plaintiff appealed from a judgment sustaining defendants' exception of no cause of action.
The sole issue is the sufficiency of plaintiff's allegations.
We reverse and remand.
Plaintiff is a minority shareholder and former officer, director and employee of defendant professional medical corporation. By majority vote, the other two shareholders (defendants, Drs. Abramson and Caro) terminated plaintiff's employment with the corporation and removed him from the Board of Directors. Plaintiff sued for the involuntary dissolution of the corporation. The trial court sustained defendants' exception of no cause of action.
*412 Plaintiff claims the allegations of fact in his petition state a cause of action for the involuntary dissolution of the corporation.[1]
Plaintiff's petition reads in part:
"* * *
"10.
At a meeting of the shareholders held on December 18, 1979, your petitioner was removed from the Board of Directors of the Corporation upon the two-thirds vote of the shareholders. Doctors Abramson and Caro voted in favor of said removal and your petitioner dissented therefrom.
"11.
The objects and purposes for which the Corporation was formed was to jointly engage in the practice of medicine.
* * * * * *
"14.
By virtue of the termination of employment of your petitioner and his removal from the Board of Directors, the accomplishment of the objects and purposes for which said Corporation was formed has failed, been abandoned, and become impracticable.
"15.
The Corporation's assets include medical equipment, a lease of office space, furniture, supplies, a corporate pension plan providing retirement income and other fringe benefit plans which were purchased in part from fees received by your petitioner for the rendition of professional services. Said corporate pension plan and fringe benefit plans were received in lieu of compensation to petitioner and other corporate employees principally for tax reasons.
"16.
By virtue of the actions of Abramson and Caro as Directors of the Corporation, your petitioner stands to forfeit 50% of his accrued benefits under the pension plan and all rights under other fringe benefit plans. This forfeiture will result in the unjust enrichment of the defendants herein, notwithstanding the fact that that forfeited amount represents the earnings of your petitioner.
"17.
The Corporation's assets also include a substantial amount of accounts receivable resulting from professional services rendered by your petitioner, Abramson and Caro. The collection of these receivables *413 represents income of the Corporation for past professional services of petitioner and others.
"18.
By virtue of the actions of Abramson and Caro as directors of the Corporation, your petitioner will not recieve (sic) his share of said receivables when ultimately collected by the Corporation. Rather, your petitioner's share of said receivables will inure to the benefit of the defendants herein, resulting in their unjust enrichment at the expense of your petitioner.
"19.
By virtue of their conduct as directors and shareholders of the Corporation, Abramson and Caro have knowingly, purposefully and unfairly conducted themselves, which conduct has been seriously prejudicial to the rights and interests of your petitioner as minority shareholder.
"20.
It is in the beneficial interest of the shareholders that the Corporation be dissolved so that the directors and shareholders of the Corporation can no longer frustrate your petitioner's ability to realize the true value of his contribution of services to the Corporation and the enhancement of corporate assets resulting therefrom.
"21.
There is no readily available market for the stock of your petitioner.
"22.
The Corporation is in violation of Louisiana law in that there are fewer qualified directors than is required by Louisiana law.
"23.
The Corporation, through its officers and employees, have illegally invaded the pricacy (sic) of your petitioner by repeatedly opening U.S. mail addressed to your petitioner.
"24.
At the request of the Corporation, your petitioner was placed on a leave of absence, effective December 1, 1979.
"25.
The Corporation, despite demand therefore, has refused to pay your petitioner compensation for the period December 1, 1979 through January 15, 1980, and termination pay, all of which conduct is in violation of established employment practices of the Corporation.
"26.
The Corporation has discriminatorily and unfairly terminated, without notice, the payment of premiums on policies of insurance providing health and disability benefits to your petitioner. As a result, in order to prevent cancellation of this insurance coverage, your petitioner was required to assume payment of this corporate debt, for which he has received no reimbursement.
"27.
In order to prohibit and terminate these ultra vires acts which the Corporation has been guilty of, it is necessary that the Corporation be dissolved.
* * * * * *
"30.
Abramson and Caro have appropriated to their own use (to the exclusion of your petitioner) all assets of the corporation and they should be condemned to pay a reasonable rental value for all such assets.
"31.
LSA R.S. 12:905B provides that petitioner as a shareholder who is a natural duly licensed to practice medicine in this state `shall be entitled ... to participate in the Corporation's earnings.' All the defendants named herein are denying petitioner this valuable right.

*414 "WHEREFORE, petitioner prays:
"(1) For judgment placing the Corporation in involuntary judicial liquidation pursuant to the orders of this Honorable Court;
"(2) For appointment and confirmation of Richard Streb as judicial liquidator of the affairs of the Corporation upon his giving of bond as fixed by this Honorable Court;
"(3) For judgment in such sums against the defendants as the liquidation shall show to be due and owing by the defendants in order to entitle petitioner to his rightful share of the Corporation's earnings.
"(4) For judgment in such sums against the defendants as shall be due and owing in order to compensate petitioner for the reasonable rental value for the use by the defendants of petitioner's share of the Corporation's assets."
Plaintiff claims by virtue of his withdrawal from professional practice and removal from the Board of Directors, the objects and purposes for which the Corporation was formed have failed, been abandoned and become impracticable. Plaintiff's claim is without merit. By his own statement, the purpose for which the Corporation was formed was the joint practice of medicine. The Corporation is fulfilling this purpose through the services of Drs. Abramson and Caro. The interpretation that the purpose falls when petitioner is not participating in the corporation is too narrow.
Plaintiff next contends Drs. Abramson and Caro as directors of the corporation and majority shareholders have breached their fiduciary duty to him and are guilty of such ultra vires acts as to warrant dissolution of the corporation. The petition fails to show Drs. Abramson and Caro have been guilty of any ultra vires acts; the majority shareholder's actions in removing plaintiff from the Board of Directors and terminating his employment were not outside the corporate powers. The allegations of breach of fiduciary duty to a minority stockholder are insufficient to justify the dissolution of the corporation.
This problem of appropriate relief for a minority stockholder in a close corporation has been given different remedies in different states, and has been the subject of treatment by authors and of the law reviews. See O'Neal, Oppression of Minority Stockholders (1975) especially §§ 7:13-7:15; Illiquidity and Exploitation: A Proposed Statutory Solution to the Remaining Close Corporation Problem, 63 Va.L.R. 1 (Feb. 1977) especially chart on pages 64-75; Prentice, Winding Up on the Just and Equitable Ground: The Partnership Analogy, 89, The Law Quarterly Review 107 (Jan. 1973); Note, Close Corporations: Strict Good Faith Fiduciary Duty Applied to Controlling Stockholders, 38 La.L.R. 214 (1977). However, our grounds for the drastic remedy of judicial declaration of death of a corporation are limited and specific.
We find no error in the court's sustaining defendants' exception of no cause of action for the involuntary dissolution of the corporation.
However, Article 934 of the Code of Civil Procedure requires the court to order an amendment to the pleadings if the objection may be removed. We are not convinced that the plaintiff can not amend his pleadings so as to be entitled to some relief. The trial court should require the amendment if plaintiff elects to do so.
For these reasons, the dismissal of the case is reversed and the case is remanded for further proceedings not inconsistent with this opinion. Appellees are to bear the costs of this appeal.
REVERSED AND REMANDED.
NOTES
[1] LSA-R.S. 12:143:

"A. The court may entertain a proceeding for involuntary dissolution under its supervision when it is made to appear that:
(1) The corporate assets are insufficient to pay all just demands for which the corporation is liable, or to afford reasonable security to those who may deal with it; or
(2) The objects of the corporation have wholly failed, or are entirely abandoned, or their accomplishment is impracticable; or
(3) It is beneficial to the interests of the shareholders that the corporation should be liquidated and dissolved; or
(4) The directors are deadlocked in the management of the corporate affairs, and the shareholders are unable to break the deadlock; or
(5) The shareholders are deadlocked in voting power, and have failed, for a period which includes at least two consecutive annual meeting dates, to elect successors to directors whose terms have expired or would have expired upon the election of their successors; or
(6) The corporation has failed, neglected, or refused, without justifiable cause, to commence business within a period of one year from the date of its incorporation, or, after commencing business, has suspended business for at least one year, and has no real intention of commencing or resuming business; or
(7) The corporation has been guilty of gross and persistent ultra vires acts; or
(8) Judgment has been entered annulling, vacating or forfeiting the corporation's articles and franchise in accordance with the provisions of R.S. 12:163; or
(9)(a) A receiver has been appointed under R.S. 12:151 to take charge of the corporation's property, and either (b) there is no reasonable prospect of return of control of the corporation to its shareholders within a reasonable time or (c) the business of the corporation is operating at a loss and there is no reasonable prospect of restoring it to profitable operation within a reasonable time."